Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6193 | **DATE** | 10-11-11 |
| **CASE TITLE** | | Eddie Myles (A-71068) v. Officer King, et al. | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $28.50. The court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Dixon Correctional Center. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk is directed to send to Plaintiff an amended civil rights complaint, along with instructions how to proceed in this court. Plaintiff's failure to comply with this order will result in dismissal of this case.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Eddie Myles (A-71068), currently incarcerated at Dixon Correctional Center, has filed this 42 U.S.C. § 1983 action against several officers at the Cook County Jail and Sheriff Tom Dart. Plaintiff alleges the following. On the evening of April 9, 2010, while Plaintiff was returning to the jail from court, he was walking handcuffed to another inmate and fell in a pothole, hitting his face on the ground. (Complaint at 3.) Officer King instructed Plaintiff to get up. Plaintiff asked for a wheelchair, but King refused. (*Id.* at 4.) King escorted Plaintiff back to his unit, where King and Officer Hannes asked Plaintiff if he wanted to go to Cermak Health Sources (Cook County Jail's onsite medical facility). (*Id.*) Plaintiff stated yes, but asked for a wheelchair, as opposed to having to walk there. The officers refused the request for a wheelchair, and joked that Plaintiff's injuries were not that serious. Plaintiff walked to Cermak. (*Id.* at 5.) While walking to Cermak, Plaintiff saw 3-4 inmates being pushed to Cermak in a wheelchair, which "offended" Plaintiff. (*Id.*) Plaintiff filed a grievance the following day, which Officer G. Lewanski did not properly process, and which Officer Mark Braynt did not properly address. (*Id.* at 6.) Plaintiff names Sheriff Dart as a Defendant for not better lighting the walkways at the jail and for not fixing potholes. (*Id.*)

Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee. The court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $28.50. See 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Dixon authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
(CONTINUED)

isk

| STATEMENT |
| --- |

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. With respect to Officers King and Hannes, although officers may be held liable for their deliberate indifference to a serious medical need, Plaintiff acknowledges that they escorted him to Cermak very shortly after he fell. *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) (a short delay in obtaining medical attention for an injured inmate does not constitute deliberate indifference). Their only objectionable action was the refusal to get a wheelchair to transfer him to Cermak. However, Plaintiff alleges neither that he sustained injuries that prevented him from walking nor that walking to Cermak caused or exacerbated his injuries. Plaintiff states only that he was "offended" when he saw other inmates being pushed in wheelchairs to Cermak. (*See* Complaint at 3-5.) Although a complaint need only provide notice of a claim and the grounds upon which the claim is based, the allegations must "show that it is plausible, rather than merely speculative, that [Plaintiff] is entitled to relief." *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citation omitted); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's allegations that he was refused a wheelchair and forced to walk to Cermak, without more, does not state a claim. *Cf. Ames v. Snyder*, No. 02 C 4043, 2002 WL 31818985, *4 (N.D. Ill. Dec. 13, 2002) (Pallmeyer, J.) (inmate who was forced to walk 250 yards after he injured his foot, which was later determined to be broken, stated claim); *Castellano v. Chicago P.D.*, 129 F. Supp. 2d 1184, 1190 (N.D. Ill. 2001) (allegations of the denial of a crutches or cane for a person shot in the leg who could not walk without great pain stated a claim of deliberate indifference). Plaintiff's allegations that he needed a wheelchair to get from his unit to Cermak after he fell and hit his face on the ground does not state a claim of deliberate indifference.

With respect to the Defendants named for not processing or adequately addressing Plaintiff's grievances, there is no substantive right to a jail grievance system. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001).

With respect to Tom Dart, an official cannot be held liable unless "[he] knows of and disregards and excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 522 U.S. 825, 837-38 (1994). Plaintiff's allegations that a pothole was not fixed and that a path was not adequately lit at best state only claims of negligence, which does not support a civil rights action against Dart.

The Court accordingly dismisses the complaint without prejudice to Plaintiff submitting an acceptable complaint. To proceed with this case, Plaintiff must submit an amended complaint that asserts valid claims. Plaintiff is given 30 days from the date of this order to submit an amended complaint.

Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies. Failure to comply with this order will result in dismissal of this case.