Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6193 | **DATE** | 1-12-12 |
| **CASE TITLE** | Eddie Myles (A-71068) v. Officer King, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed with his amended complaint [5] against Cook County Jail Officers King and Hannes. The clerk shall issue summonses for service of the amended complaint on these Defendants. The other Defendants are dismissed.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Eddie Myles (A-71068), currently incarcerated at Dixon Correctional Center, has filed an amended complaint, as this court directed him to do in its October 11, 2011, order. Plaintiff alleges that, on the evening of April 9, 2010, while Plaintiff was returning to the jail from court, he was walking handcuffed and fell in a pothole, hitting his face on concrete and twisting his ankle. Allegedly, Officer King knew that there was a pothole and no lights on the route by which he led inmates that night. (Amd. Compl. at 4.) Plaintiff attempted to get up, but was in excruciating pain; his ankle, as well as his knees, gave out and he fell again. (*Id.*) Officer King told Plaintiff to stay on the ground for a few moments. Plaintiff asked Officer King for a wheelchair to get back to his division, which King refused. (*Id.*) Plaintiff then got up, without assistance from King, and limped to his jail division. (*Id.* at 4-5.) After getting to his division, Sergeant Hannes (King's supervisor) asked Plaintiff if he wanted to go to the hospital. Plaintiff replied yes, again asked for a wheelchair, and again was refused. (*Id.*) Plaintiff stated he was in great pain, but still no wheelchair was provided and he was forced to walk to the hospital (presumably Cermak), where he was prescribed medication and the use of crutches for several days. (*Id.* at 5-6.)

Plaintiff seeks to assert claims of deliberate indifference, conspiracy, as well as a state law claim of intentional infliction of emotional distress. Although a more developed record may demonstrate that his claims lack merit, Plaintiff's assertions that Officers King and Hannes knew that Plaintiff was injured and that walking to the hospital would cause great pain, yet refused to obtain a wheelchair for him, state a claim of deliberate indifference. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain"), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Ames v. Snyder*, No. 02 C 4043, 2002 WL 31818985, *4 (N.D. Ill. Dec. 13, 2002) (Pallmeyer, J.) (inmate who was forced to walk 250 yards after he injured his foot, which was later determined to be broken, stated claim); *Castellano v. Chicago P.D.*, 129 F. Supp. 2d 1184, 1190 (N.D. Ill. 2001) (allegations of the denial of a crutches or cane for a person shot in the leg who could not walk without great pain stated a claim of deliberate indifference). Plaintiff may thus proceed with his amended complaint against Officers King and Hannes, and summonses shall issue for these Defendants.

Plaintiff also names Tom Dart, Officer Lewanski, and Superintendent Mark Bryant as Defendants, but Plaintiff does not state how they were involved. Dart, Lewanski, and Bryant are thus dismissed as Defendants.
(CONTINUED)

isk

| STATEMENT |
|---|
| The United States Marshals Service is appointed to serve Cook County Jail Officers King and Hannes, who were apparently working in Division 2 in April 2010. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.<br><br>Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff. |